**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BENEDICTO RENDON,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,

*Respondent.*

No. 05-77064

Agency No.
A90-111-293

BENEDICTO RENDON,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,

*Respondent.*

No. 05-77150

Agency No.
A90-111-293

ORDER
AMENDING
OPINION AND
GRANTING THE
MOTION BY
PETITIONER FOR
CLARIFICATION
OR CORRECTION
OF DECISION
AND AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 7, 2007—San Francisco, California

Filed February 15, 2008
Amended March 19, 2008

2593

Before: Mary M. Schroeder, Cynthia Holcomb Hall, and Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

## COUNSEL

Eileen R. Ridley, Michael A. Naranjo, Patrick T. Wong, Foley & Lardner LLP, San Francisco, California, for the petitioner.

Stephen J. Flynn, Melissa Neiman-Kelting, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for the respondent.

## ORDER

The opinion, filed on February 15, 2008, slip opinion 1417, is amended as follows:

At slip opinion 1422, first full paragraph, last sentence, replace "Rendon then timely appealed.", with "Rendon then timely appealed to this court, and was appointed pro bono counsel for the appeal."

At slip opinion 1424, footnote 2, last sentence, replace "Rendon's counsel could have challenged the IJ's decision on this issue, but simply did not do so.", with "Rendon's previous attorney could have challenged the IJ's decision on this issue, but simply did not do so."

The Motion by Petitioner for Clarification or Correction of Decision is GRANTED to the extent of these amendments.

## OPINION

BYBEE, Circuit Judge:

In this case, we consider whether a state felony conviction for possession with intent to sell a controlled substance contains a trafficking element. We conclude that it does and therefore it qualifies as an aggravated felony under the immigration laws.

### I. FACTS AND PROCEDURAL HISTORY

Benedicto Rendon is a native and citizen of Mexico who has been a lawful permanent resident of the United States since 1995. In April 1997, he was convicted of possession with the intent to sell marijuana under Kansas law (the "Kansas conviction"). *See* KAN. STAT. ANN. § 65-4163(a). Six years

later, in May 2003, Rendon was convicted in Utah for attempting to possess cocaine in violation of Utah Code Ann. § 58-37-8(2)(a)(i) (the "Utah conviction"). The Department of Homeland Security ("Department") issued to Rendon a Notice to Appear on April 8, 2005, which charged him with removability under 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who, after admission to the United States, has been convicted of a controlled substance violation. The Notice to Appear listed the Utah conviction as the basis for removal.

Rendon appeared *pro se* at his removal hearing before the Immigration Judge ("IJ"). He conceded his removability but applied for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] The IJ found Rendon to be removable under § 1227(a)(2)(B)(i) on the basis of the Utah conviction. The IJ also found Rendon to be ineligible for any of the relief he requested because his Kansas conviction was an aggravated felony, *see* 8 U.S.C. § 1229b(a)(3), and as such was also a "particularly serious crime," *see id.* §§ 1158(b)(2)(A)(ii); 1158(b)(2)(B)(i); 1231(b)(3)(B)(ii).

Counsel represented Rendon during his appeal to the Board of Immigration Appeals ("BIA"), where he argued that the IJ erred in finding that the Kansas conviction was an aggravated felony. He also argued, inexplicably, that the IJ had erred in finding him removable on the basis of the Kansas conviction, even though the government never relied on the Kansas conviction as a basis of removal. Rendon did not mention the Utah conviction to the BIA or challenge that it was an appropriate basis for removal.

The BIA dismissed the appeal on December 6, 2005, concluding that Rendon had failed to challenge the finding of removability based on the Utah conviction, that Rendon had conceded his removability, and that the Department had sub-

---

[1]On appeal, Rendon does not pursue his CAT claim.

mitted the conviction records to establish his removability. Although the BIA acknowledged that KAN. STAT. ANN. § 65-4163(a) criminalized conduct that is not an aggravated felony as well as conduct that is an aggravated felony, it found that it could determine from the records of the Kansas conviction that Rendon had been convicted of possession with intent to sell a controlled substance. The BIA agreed with the IJ that such a conviction contained a trafficking element, which made it an aggravated felony. Accordingly, the BIA sustained the IJ's finding that Rendon was ineligible for the relief he requested. Rendon then timely appealed to this court, and was appointed pro bono counsel for the appeal.

## II.    STANDARD OF REVIEW

We review the BIA's determination of purely legal questions, such as whether a conviction is a controlled substance offense that makes an alien removable under § 1227 and whether a conviction is an aggravated felony, *de novo. See Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004).

## III.    DISCUSSION

A.    *Jurisdiction to Consider Removability Under § 1227*

Rendon first argues that the BIA erred in affirming the IJ's finding that he was removable under 8 U.S.C. § 1227(a)(2)(B)(i) for his Utah conviction of attempted possession of cocaine. The government counters that Rendon did not raise this argument before the BIA and we therefore are without jurisdiction to hear this portion of his appeal. We agree with the government.

[1] A court can only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). An alien's failure to exhaust his administrative remedies deprives this court of

jurisdiction to hear the appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Furthermore, "[a] petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Exhaustion of administrative remedies at the BIA level is required to "prevent . . . 'premature interference with the agency's processes,' " and to provide the BIA with notice of the issues that the petitioner asserts were wrongly decided. *Id.* at 931 (quoting *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995)).

**[2]** In this case, the administrative record demonstrates that Rendon did not "specify which issue[ ] form[s] the basis of the appeal" and, at best, only made "a general challenge to the IJ's decision" concerning removability under § 1227. *Id.* at 930. The brief submitted to the BIA challenged only the finding of removability on the ground that Rendon's *Kansas* conviction was a controlled substance offense or an aggravated felony—a ground for removal that the Department has never put forward or relied upon. Indeed, Rendon's brief to the BIA never once mentioned the Utah conviction. The BIA is not required to anticipate objections that Rendon utterly failed to make, and we lack jurisdiction to address them here.

Rendon argues that he is permitted to make new arguments on appeal in support of the claims that he made to the BIA, citing to *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374, 378-79 (1995). Because he argued to the BIA that he was not removable under § 1227, he attempts to construe his challenge to the Utah conviction as a new argument in support of that same general claim. We find no support in *Lebron* for this argument. The contention that the BIA erred in finding him removable under the Utah conviction is most appropriately categorized as a different claim, not a different argument supporting the same claim. The Utah and Kansas convictions are not related in any way and could each serve

as an independent basis for removability. The *Lebron* rule does not save Rendon's forfeited claim.

**[3]** We find unavailing Rendon's argument that any "waiver" of his right to challenge the finding of removability based on the Utah conviction was not considered and intelligent and he was therefore denied due process. The "considered and intelligent" requirement for waiver applies to an explicit waiver of the right to appeal. *See United States v. Pallares-Galan*, 359 F.3d 1088, 1095-96 (9th Cir. 2004). Rendon did not waive his right to bring an appeal. The IJ gave Rendon detailed instructions on how to file the appeal, and Rendon had ample opportunity to present his arguments concerning the Utah conviction to the BIA but simply failed even to mention them. Rendon forfeited his challenge to the Utah conviction; he did not waive it.[2] *See, e.g.*, *United States v. Jacobo Castillo*, 496 F.3d 947, 952 n.1 (9th Cir. 2007) (en banc) ("Waiver is 'the intentional relinquishment or abandonment of a known right,' whereas forfeiture is 'the failure to make the timely assertion of [that] right.' " (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993))).

**[4]** Because Rendon failed to exhaust his administrative remedies in connection with the finding of removability based on the Utah conviction, we do not have jurisdiction over this issue. We dismiss that portion of his petition.

---

[2]Rendon's related argument that the IJ did not permit him to develop his testimony regarding the Utah conviction at a stage of the proceeding when he was proceeding *pro se* misses the point. By the time he appeared before the BIA, Rendon was represented by counsel. Furthermore, the IJ's order very clearly identifies the Utah conviction as the basis for removal. Rendon's previous attorney could have challenged the IJ's decision on this issue, but simply did not do so.

B.   *Possession with the Intent to Sell Marijuana as an Aggravated Felony*

Rendon next argues that the BIA and the IJ incorrectly found his Kansas conviction to be an aggravated felony for purposes of cancellation of removal, asylum, and withholding of removal.[3] As an applicant for cancellation of removal and asylum, Rendon bears the burden of proving that he is eligible for the discretionary relief he is seeking. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i); 1229a(c)(4)(A); *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006). When "the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d).

[5] An applicant for asylum or for cancellation of removal is not eligible for these forms of relief if he has been convicted of an aggravated felony. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii) (making individuals convicted of "a particularly serious crime [who] constitute[ ] a danger to the community of the United States" ineligible for asylum); 1158(b)(2)(B)(i) (classifying aggravated felonies as "particularly serious crime[s]" for purposes of § 1158(b)(2)(A)(ii)); 1229b(a)(3) (making aliens "convicted of any aggravated felony" ineligible for cancellation of removal). An applicant for withholding of removal is ineligible for relief if he has been convicted of

---

[3]Rendon only argued the aggravated felony issue before the BIA in connection with cancellation of removal. Although he did not raise it in connection with his asylum and withholding of removal claims, we may deem it exhausted because the legal issue involved is identical for all three forms of relief—if his Kansas conviction is an aggravated felony, he is not eligible for cancellation of removal, asylum, or withholding of removal—and the BIA addressed the issue of whether the Kansas conviction is an aggravated felony on the merits in its decision. *See Sagermark v. INS*, 767 F.2d 645, 648 (9th Cir. 1985) (finding a claim that the BIA addressed on the merits to be exhausted for purposes of judicial review).

certain types of aggravated felonies. *See* 8 U.S.C. § 1231(b)(3)(B)(ii) (making aliens who have "been convicted by a final judgment of a particularly serious crime" ineligible for withholding of removal); *id.* § 1231(b)(3)(B) (defining "particularly serious crime" for purposes of withholding of removal to include aggravated felonies with prison terms of more than five years and giving discretion to the Attorney General to determine that aggravated felonies with shorter prison terms are also particularly serious crimes); *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) ("We hold that the Attorney General's construction of § 1231(b)(3)(B) as providing him with discretion to create a strong presumption that drug trafficking offenses are particularly serious crimes is not impermissible. Under *Chevron*, we therefore defer to that construction."); *In re Y.L.*, 23 I. & N. Dec. 270, 274 (B.I.A. 2002) (establishing the presumption that "aggravated felonies involving unlawful trafficking in controlled substances constitute 'particularly serious crimes' " under § 1231(b)(3)(B)(ii)). The first step in determining Rendon's eligibility for relief, therefore, is to decide whether Rendon's Kansas conviction is an aggravated felony.

In determining whether a state drug crime fits the general definition of an aggravated felony, "we first make a categorical comparison of the elements of the statute of conviction to the generic definition, and decide whether the conduct proscribed by [the statute] is broader than, and so does not categorically fall within, this generic definition." *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003); *see Taylor v. United States*, 495 U.S. 575, 602 (1990).

**[6]** The statutory definition of "aggravated felony" includes felonies involving "illicit trafficking in a controlled substance . . . , including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). This statutory definition has given rise to two possible routes for a state drug felony to qualify as an aggravated felony. *See In re Davis*, 20 I. & N. Dec. 536, 541-43 (B.I.A. 1992). First, under the

phrase "illicit trafficking in a controlled substance," a state drug crime is an aggravated felony "if it contains a trafficking element." *Salviejo-Fernandez*, 455 F.3d at 1066. Second, under the phrase "including a drug trafficking crime (as defined in section 924(c) of Title 18)," a state drug crime is an aggravated felony if it would be punishable as a felony under the federal drug laws.[4] *See Lopez v. Gonzales*, 127 S. Ct. 625, 630 (2006) ("The [Immigration and Nationality Act] makes [an alien] guilty of an aggravated felony if he has been convicted of 'illicit trafficking in a controlled substance . . . including,' but not limited to, 'a drug trafficking crime (as defined in section 924(c) of Title 18).' "); *id.* at 633 ("[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."). Thus, our court has recognized that a state drug crime is also an "aggravated felony" in immigration law "if it would be punishable as a felony under federal drug laws." *Salviejo-Fernandez*, 455 F.3d at 1066; *see* 8 U.S.C. § 1101(a)(43)(B).

**[7]** Rendon's conviction under KAN. STAT. ANN. § 65-4163(a) is categorically an aggravated felony only if the fact of his conviction necessarily means that he was convicted of a crime satisfying either prong of the statutory definition, or, in other words, that § 65-4163(a) only criminalizes conduct that satisfies the definition of an aggravated felony. Section 65-4163(a) provides that "it shall be unlawful for any person to sell, offer for sale or have in such person's possession with the intent to sell, deliver or distribute; cultivate; prescribe; administer; deliver; distribute; or dispense" a controlled substance, including marijuana. As the government concedes, § 65-4163(a) criminalizes a solicitation offense, which this court has determined does not constitute an aggravated felony for purposes of immigration law. *See United States v. Rivera-Sanchez*, 247 F.3d 905, 908-09 (9th Cir. 2001). Conviction

---

[4]This second approach is sometimes referred to as the "hypothetical federal felony" rule. *See, e.g.*, *Cazarez-Gutierrez*, 382 F.3d at 916.

under § 65-4163(a) therefore does not necessarily mean that Rendon committed an aggravated felony.

**[8]** When the statute of conviction does not categorically qualify as an aggravated felony, we use the modified categorical approach to decide whether the conduct for which the alien was actually convicted qualifies as an aggravated felony. *See Huerta-Guevara*, 321 F.3d at 887. When applying the modified categorical approach to divisible statutes such as § 65-4163(a), we may consider "the state charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding and the judgment" to determine which portion of the divisible statute formed the basis of the conviction. *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075, 1076 (9th Cir. 2003); *see also* 8 U.S.C. § 1229a(c)(3)(B).

**[9]** The administrative record in this case contains both the state charging document and the judgment of the Kansas conviction.[5] The judgment lists the primary offense of conviction as "POSSESSION OF MARIJUANA WITH INTENT TO SELL." The charging document alleges that Rendon "unlawfully, intentionally, possess[ed] with intent to sell a controlled substance, to-wit: marijuana." These two documents clearly indicate that Rendon was convicted of possession with intent to sell a controlled substance, not one of the other possible bases of conviction under the statute.[6] The question thus

---

[5]Rendon's argument that these documents are unclear because they also list a second count of conviction is without merit. The fact that Rendon was also found guilty of violating a second Kansas statute in no way diminishes the fact that he was also convicted of violating § 65-4163(a) or that the documents clearly specify which portion of § 65-4163(a) he violated.

[6]We reject as irrelevant Rendon's argument that the IJ and BIA improperly relied on his testimony to find that his Kansas conviction was an aggravated felony, in violation of the rule in *Tokatly v. Ashcroft*, 371 F.3d 613 (9th Cir. 2004). In *Tokatly*, the immigration judge questioned a crime victim about the facts of an alien's burglary and attempted kidnapping conviction to determine whether it was a crime of domestic violence. *See*

becomes whether conviction of possession of marijuana with the intent to sell contains a trafficking element or would be punishable as a felony under federal drug laws. *See Salviejo-Fernandez*, 455 F.3d at 1066.

The statutes and case law provide little guidance on what constitutes a "trafficking element." An "aggravated felony" is defined in part as "illicit trafficking in a controlled substance . . . , including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). However, the statute does not further define "trafficking." The Supreme Court has stated that "ordinarily 'trafficking' means some sort of commercial dealing." *Lopez v. Gonzalez*, 127 S. Ct. 625, 630 (2006). Our own court has somewhat circuitously stated "that a drug offense with a trafficking element is 'illicit trafficking.'" *Cazarez-Gutierrez*, 382 F.3d at 910 n.5. The Third Circuit has provided a slightly more concrete definition, stating that "[t]o contain a trafficking element, a state felony must involve 'the unlawful trading or dealing of a controlled substance.'" *Jeune v. Att'y Gen.*, 476 F.3d 199, 202 (3d Cir. 2007) (quoting *Gerbier v. Holmes*, 280 F.3d 297, 305 (3d Cir. 2002)). The Sixth Circuit has followed the same approach as the Third Circuit, but noted that under the Third Circuit definition "[i]t is not clear whether possession with intent to resell constitutes 'unlawful trading or dealing,' and thus trafficking." *Garcia-Echaverria v. United States*, 376 F.3d 507, 513 (6th Cir. 2004) (quoting *Gerbier*, 280 F.3d at 313).

**[10]** Nevertheless, we need not elaborate beyond the Supreme Court's statement in *Lopez* to determine that Rendon's Kansas conviction contains a trafficking element. "Pos-

---

*id.* at 616. The Ninth Circuit held that the IJ erred by examining facts behind the conviction. *Id.* at 623. Unlike the situation in *Tokatly*, in this case the state charging document and the record of judgment, which the IJ was permitted to consult under the modified categorical approach, amply demonstrated which portion of the statute Rendon violated.

session of marijuana with intent to sell" necessarily means that Rendon possessed the marijuana with the intent to engage in "some sort of commercial dealing." *Lopez*, 127 S. Ct. at 630. We therefore hold that possession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony.[7]

**[11]** Because the Kansas conviction is an aggravated felony, Rendon is ineligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3). An aggravated felony is considered to be a particularly serious crime that makes Rendon ineligible for asylum as well. *Id.* §§ 1158(b)(2)(A)(ii); 1158(b)(2)(B)(i). Finally, an aggravated felony containing a drug trafficking element is presumed to be a particularly serious crime which would make Rendon ineligible for withholding of removal. He has not presented any evidence to overcome this presumption. *See* 8 U.S.C. § 1231(b)(3)(B); 1231(b)(3)(B)(ii); *Miguel-Miguel*, 500 F.3d at 949. We therefore deny his petition for review of the BIA's determination that his Kansas conviction is an aggravated felony, which makes him ineligible for the relief he requested.

The petition for review is DISMISSED in part and DENIED in part.

---

[7]Because we conclude that Rendon's Kansas conviction contains a trafficking element and is an aggravated felony on that basis, we need not reach the question of whether it would have qualified as a felony under the federal drug laws.