**Juan Frias OROZCO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72344.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 25, 2009.

Filed April 2, 2009.

Joseph S. Kiefer, Esquire, Snell & Wilmer LLP, Phoeniz, AZ, for Petitioner.

Katharine Clark, Esquire, Mary Jane Candaux, Assistant Director, Aimee J. Frederickson, U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM *

Juan Frias Orozco ("Orozco") petitions for review of a determination by the Board of Immigration Appeals ("BIA") that his conviction for possession of marijuana with intent to deliver in violation of Arkansas Code Annotated § 5–64–401 qualifies as an aggravated felony, rendering him ineligible for cancellation of removal. Whether a conviction qualifies as an aggravated felony is a question of law that we review de novo. *Rendon v. Mukasey*, 520 F.3d 967, 971 (9th Cir.2008). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

A state drug crime qualifies as an aggravated felony if it would be punishable as a felony under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq. Rendon*, 520 F.3d at 974. In determining whether a state drug crime so qualifies, we use the two-part framework set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *Rendon*, 520 F.3d at 974. A conviction under Ark.Code Ann. § 5–64–401 does not categorically qualify as a felony punishable under the CSA because the state statute criminalizes certain conduct related to non-controlled substances, *see* §§ 5–64–401(b), (c), § 5–64–101(6)(A), and is thus categorically overbroad.

However, the judicially noticeable judgment and information in the administrative record reveal that Orozco was in fact convicted of "possession of a controlled substance, marijuana, with intent to deliver." *See Renteria–Morales v. Mukasey*, 551 F.3d 1076, 1084 (9th Cir.2008) (stating that under modified categorical approach, court may look to judgment and information). Possession of marijuana with intent to "distribute or dispense" is unlawful under 21 U.S.C. § 841(a)(1), and is generally punishable as a felony. *See* § 841(b)(1)(D). Orozco argues that his conviction nonetheless was not necessarily for a crime punishable as a federal felony because distribution of only "a small amount of marihuana for no remuneration" is punishable as a misdemeanor under federal law, *see* 21 U.S.C. § 841(b)(4), and the judicially noticeable documents in the record do not reveal how much marijuana was involved or whether he sought remuneration. We disagree; the term "deliver," as used in the state statute, is defined as a "transfer ... in exchange for money or

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

anything of value," Ark.Code Ann. § 5–64–101(7), and thus requires remuneration. *See Black's Law Dictionary* 1322 (8th ed.2004) (defining remuneration as "[p]ayment"), *id.* at 1165 (defining payment as "[p]erformance of an obligation by the delivery of money or some other valuable thing"). Because Orozco was necessarily convicted of conduct punishable as a felony under the CSA, his conviction qualifies as an aggravated felony, and he is ineligible for cancellation of removal.

The petition for review is DENIED.