MEMORANDUM **
Manoj Kumar petitions for review of the Board of Immigration Appeals’ (“BIA”) decision finding Kumar ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We deny the petition.
We review the BIA’s legal determinations de novo and its factual findings for substantial evidence. Morgan v. Mukasey, 529 F.3d 1202, 1206 (9th Cir.2008) (citing 8 U.S.C. § 1252(b)(4)(B)).[1]
An alien may not apply for asylum if he has been convicted of “a particularly serious crime,” which includes an aggravated felony. 8 U.S.C. §§ 1158(b)(2)(A)(ii) & (B)(i); Rendon v. Mukasey, 520 F.3d 967, 973 (9th Cir.2008). Because we conclude that substantial evidence supports the BIA’s finding that Kumar was convicted of two aggravated felonies, he is ineligible for asylum.[2]
An alien seeking withholding of removal must show a dear probability of “persecution on account of race, religion, nationality, membership in a particular social group, or political opinion,” upon removal to his home country. Santos-Lemus v. Mukasey, 542 F.3d 738, 742 (9th Cir.2008) (quoting 8 U.S.C. § 1101(a)(42)(a); citing 8 U.S.C. § 1231(b)(3)).
The evidence presented by Kumar, while indicative of deep ethnic tensions, discrimination, and crime, would not compel “any reasonable adjudicator” to find a “clear probability” that Kumar will be persecuted upon removal to Fiji. See Morgan, 529 F.3d at 1206. The past incidents of violence cited by Kumar were, as he *568 concedes, random, unrelated attacks by strangers. We have said such attacks would not compel “any reasonable adjudicator” to conclude that persecution had occurred. See Wakkary v. Holder, 558 F.3d 1049, 1059-60 (9th Cir.2009). Likewise, employment discrimination and witnessing an assault on an another person ai'e similarly insufficient to compel such a conclusion. Id. at 1060 (citing Nagoulko v. INS, 333 F.3d 1012, 1016 (9th Cir.2003)).
Kumar argues that physical violence is sufficient to find persecution, citing Chand v. INS, 222 F.3d 1066, 1073-74 (9th Cir. 2000). In Chand, however, the applicant had suffered three instances of being “physically attacked by soldiers from the Fijian military,” was “robbed repeatedly,” had his temple burned by Fijian soldiers, and Fijian soldiers attacked his home and destroyed his property while his wife was home alone. See id. Significantly, the attacks were linked by the fact that they were all carried out by a common entity, as opposed to random acts of violence that this court has characterized as the “common byproduct of civil unrest and economic turmoil.” See Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir.2004). The acts described by Kumar are closer to those in Gormley. Therefore, the evidence does not compel a finding of persecution.
Nor did Kumar present evidence that would compel “any reasonable adjudicator” to find that he demonstrated a likelihood of future persecution. See Wakkary, 558 F.3d at 1061 (holding that, while widespread violence against a protected group by private individuals and public officials may constitute persecution, widespread discrimination that may include persecution of some individuals does not compel such a finding).
Because Kumar’s evidence did not compel a finding of past persecution or a likelihood of future prosecution, he failed to meet his burden of showing a “clear probability” of future persecution. Therefore, we affirm the BIA’s determination that Kumar failed to demonstrate his eligibility for withholding of removal.
Finally, with respect to his application for relief under CAT, Kumar did not not present any evidence that he had ever been tortured in Fiji or was likely to be tortured upon removal to that country. He is therefore ineligible for relief under CAT which requires that it is “more likely than not that he or she would be tortured if removed to the proposed country of removal.” 8 C.F.R. § 1208.16(c); Nuru v. Gonzales, 404 F.3d 1207, 1216 (9th Cir. 2005). Thus, we affirm the BIA’s determination that Kumar is not eligible for relief under CAT.
Petition for review DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

. We decline to address Kumar's alternative argument that he pled guilty only to aiding and abetting, which, he contends, does not fall within the generic aggravated felony definitions of forgery or burglary. While Kumar raised this argument before the Immigration Judge, he did not raise it before the BIA. Thus, we lack jurisdiction to consider it. See Samayoa-Martinez v. Holder, 558 F.3d 897, 902 n. 7 (9th Cir.2009).