Juan Angulo CERVANTES, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 06–74555.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 4, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

William Baker, Esq., Chula Vista, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAS–District, I & AMP; NS, San Diego, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Juan Angulo Cervantes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his appeal from an immigration judge's decision finding him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's determinations that a conviction is a controlled substance offense rendering an alien removable under § 1227 and that a conviction is an aggra-

** This disposition is not appropriate for publication and is not precedent except as provid-

vated felony. *Rendon v. Mukasey*, 520 F.3d 967, 971 (9th Cir.2008). We deny the petition for review.

The BIA did not err in finding Angulo Cervantes removable because his state conviction for conspiracy to possess cocaine for sale has an equivalent federal offense for conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846, and the judicially noticeable conviction documents in the record reveal that the controlled substance at issue was cocaine. *See Renteria–Morales v. Mukasey*, 551 F.3d 1076, 1084 (9th Cir.2008) (stating that under modified categorical approach, court may look to judgment and charging document).

**PETITION FOR REVIEW DENIED.**