**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALDEV SINGH,<br><br>            Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 05-73018<br><br>Agency No. A072-693-223<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2010
San Francisco, California

Before: HUG and McKEOWN, Circuit Judges, and FAWSETT, Senior District
Judge. [**]

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The Honorable Patricia C. Fawsett, Senior United States District Judge
for the Middle District of Florida, sitting by designation.

Baldev Singh ("petitioner"), a native and citizen of India, appeals the Board of Immigration Appeals' ("BIA") dismissal of an immigration judge's ("IJ") denial of the joint motion to terminate removal proceedings and the denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This court reviews de novo due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition.

Petitioner argues that the IJ violated his due process rights by denying the joint motion to terminate removal proceedings and by allowing limited testimony at the hearing. "The Fifth Amendment guarantees due process in deportation proceedings." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). To establish a due process violation, an alien must show that the proceeding was "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Id*. (citing *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986)). The alien must also show prejudice which requires him to demonstrate that the outcome of the proceeding may have been affected by the alleged violation. *Id*.

In this case, the BIA properly found that the IJ did not violate petitioner's due process rights. The IJ's denial of the motion to terminate removal proceedings was not "so fundamentally unfair that [petitioner] was prevented from reasonably presenting his case." *See Tijani v. Holder*, 598 F.3d 647, 649 n.1 (9th Cir. 2010).

2

Petitioner filed an asylum application in California after he knew that he was already in exclusion proceedings in New York, where he failed to appear. Petitioner, not the government, chose to proceed in California. Because petitioner sought to proceed in California and there is no evidence that petitioner was not able to present his case, he fails to show his due process rights were violated. *See id.*

Similarly, the IJ did not violate petitioner's due process rights by allowing only limited testimony at the hearing. At the hearing, the government presented evidence that petitioner had entered the United States through New York in 1993 using a different name. Petitioner testified that he was not this individual, even though fingerprint evidence clearly established otherwise. Because petitioner testified inconsistently regarding his identity, and the IJ properly made an adverse credibility finding on this basis, there was no violation in not permitting petitioner to elaborate on the alleged details of his persecution. *See id.*; *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that the adverse credibility finding was supported based on discrepancies regarding identity).

Because petitioner failed to raise an argument regarding the IJ's adverse credibility finding in his brief to the BIA, we lack jurisdiction to consider claims regarding the finding. *See Rendon v. Mukasey*, 520 F.3d 967, 972 (9th Cir. 2008) (holding that this court lacked jurisdiction where the alien only made a general

3

challenge to the IJ's decision and failed to mention the issue in his brief to the BIA).

**PETITION DENIED**.