**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIK MANUKYAN, a.k.a. Rafik Simonyan, | No. 08-72374 |
| Petitioner, | Agency No. A099-833-038 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Erik Manukyan ("Manukyan"), a native and citizen of Armenia, petitions for

review of a final order of removal. An Immigration Judge ("IJ") determined that

Manukyan was not credible and denied his requests for political asylum,

withholding of removal, and relief under the United Nations Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). The Board of Immigration Appeals ("BIA") summarily affirmed that decision. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition in part and dismiss in part.

Manukyan challenges the IJ's adverse credibility findings. We may reject such findings, however, only if a "reasonable adjudicator would be *compelled* to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (emphasis added). Manukyan's arguments fail to meet that standard.

Manukyan argues that because his account of how he acquired documents he used to seek admission was possible, the IJ should not have doubted his credibility because the account was implausible. This argument is without merit. The REAL ID Act explicitly allows an IJ to consider "the inherent plausibility of the applicant's . . . account." 8 U.S.C. § 1158(b)(1)(B)(iii).

Further, this was not the only reason the IJ gave for finding Manukyan not credible. Manukyan's story is full of inconsistencies. While his initial assertion that he wanted to work is not diametrically opposed to a persecution claim in general, *see Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004), it is unrelated to the specific ground of persecution in this case – namely Manukyan's involvement with the Armenian Popular Party. There are also inconsistencies in Manukyan's story regarding the events that led to his flight from Armenia. At the

-2-

very least, these inconsistencies were enough to allow the IJ to ask for corroborative evidence. *See Aden v. Holder*, 589 F.3d 1040, 1044-45 (9th Cir. 2009) (noting the REAL ID Act permits the IJ to require corroborating evidence that a petitioner either has or can reasonably obtain).

For these reasons, we conclude Manukyan did not establish his eligibility for asylum. Because Manukyan did not present his claims for CAT relief or withholding of removal to the BIA, we dismiss these claims for lack of jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *see also Rendon v. Mukasey*, 520 F.3d 967, 972 (9th Cir. 2008) (noting the failure to exhaust administrative remedies deprives this court of jurisdiction).

**PETITION DENIED IN PART AND DISMISSED IN PART**.