**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHERINE ANNE PROUSE, | No. 09-72118 |
| Petitioner, | |
| v. | Agency No. A092-827-054 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 17, 2012
San Francisco, California

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

Catherine Anne Prouse, a native and citizen of Canada and a legal

permanent resident of the United States, petitions for review of the decision of the

Board of Immigration Appeals (BIA) that Prouse's conviction under Nev. Rev.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Stat. § 453.321 for supplying methamphetamine to minors qualifies as an "aggravated felony" under the Immigration and Nationality Act.

Applying the modified categorical approach, we agree with the BIA that Prouse's Nevada conviction constitutes an "aggravated felony." *See United States v. Aguila-Montes de Oca*, 655 F.3d 915, 940 (9th Cir. 2011) (en banc). Aggravated felonies include drug trafficking crimes. 8 U.S.C. § 1101(a)(43)(B). A drug trafficking crime is any felony punishable under the Controlled Substances Act (CSA). 18 U.S.C. § 924(c)(2).

The CSA makes it a crime to "distribute" a controlled substance. 21 U.S.C. § 841(a)(1). Prouse's Nevada conviction for supplying methamphetamine is the equivalent of this federal crime. First, methamphetamine is a controlled substance. 21 U.S.C. § 812(c). The distribution of any quantity of methamphetamine is punishable under the CSA. 21 U.S.C. §§ 841(b)(1)(A)(viii), (B)(viii), (C). Second, "supplying" methamphetamine is the equivalent of "distributing" the drug. *See* 21 U.S.C. §§ 802(8), (11). No commercial scheme or exchange of money is required. *United States v. Ramirez*, 608 F.2d 1261, 1264 (9th Cir. 1979).

Prouse's conviction under Nev. Rev. Stat. § 453.321 is also a felony because its equivalent under the CSA has a maximum term of imprisonment of

more than one year. *Carachuri-Rosendo v. Holder*, — U.S. —, 130 S. Ct. 2577, 2581 (2010); *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008); 21 U.S.C. §§ 841(b)(1)(A)(viii), (B)(viii), (C).

**DENIED.**