**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR FERRER-NEGRETE, | No. 10-72884 |
| Petitioner, | Agency No. A092-042-870 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Hector Ferrer-Negrete, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We review de novo questions of law, *Rendon*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Mukasey*, 520 F.3d 967, 971 (9th Cir. 2008), and we deny the petition for review.

The agency properly concluded that the conviction documents in the record establish that Ferrer-Negrete's March 12, 2001, conviction under Arizona Revised Statutes § 13-3408 for possession for sale of cocaine renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(B)(i). *See* 8 U.S.C. § 1252(a)(2)(C); *see also Rendon*, 520 F.3d at 976 ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."). Our jurisdiction therefore is limited to questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

Because Ferrer-Negrete's conviction is an aggravated felony, the agency did not err in concluding that he was statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3); *see also Rendon*, 520 F.3d at 976.

**PETITION FOR REVIEW DENIED.**

10-72884