**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAVIER VILLEGAS, | No. 12-70290 |
| Petitioner, | Agency No. A095-757-923 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Javier Villegas, a native and citizen of Mexico, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision pretermitting his applications for cancellation of

removal and voluntary departure.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo questions of law. *Rendon v. Mukasey*, 520 F.3d 967, 971 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA correctly determined that Villegas' conviction under California Health and Safety Code § 11351 for possession of cocaine for sale constitutes a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See id.* at 976 ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."); *United States v. Gomez-Hernandez*, 680 F.3d 1171, 1174-75 (9th Cir. 2012) (charging document and transcript of plea colloquy may be used to determine whether offense is a removable one). The BIA also correctly concluded that Villegas' conviction renders him ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(C), and pre- and post-hearing voluntary departure, *see* 8 U.S.C. § 1229c(a)-(b); 8 C.F.R. § 1240.26 (b)(1)(i)(E), (c)(1)(iii). Accordingly, Villegas' due process contention fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

We lack jurisdiction to consider Villegas' contention regarding the expungement of his conviction because he failed to exhaust this claim before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack

jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**