

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN OREGON-RICO, AKA Juan Oregon, Juan R. Oregon, AKA Juan Oregon Rico, AKA Juan Rico, AKA Juan Rico Oregon, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 12-72920 <br>      13-70123 <br><br> Agency No. A075-123-845 <br><br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

In these consolidated petitions for review, Juan Oregon-Rico, a native and

citizen of Mexico, petitions pro se for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's order

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and due process claims, for abuse of discretion the denial of a motion to reopen, and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petitions for review.

The agency correctly determined that Oregon-Rico's conviction under California Health and Safety Code § 11351 for possession of cocaine for sale constitutes a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."). This conviction renders him ineligible for asylum, *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i), and cancellation of removal, *see* 8 U.S.C. § 1229b(a)(3).

The agency used the correct standard and did not err in determining Oregon-Rico's drug trafficking offense is presumptively a particularly serious crime that renders him ineligible for withholding of removal, *see id.* § 1231(b)(3)(B); *Rendon*, 520 F.3d at 976 ("[A]n aggravated felony containing a drug trafficking element is presumed to be a particularly serious crime which would make [the applicant] ineligible for withholding of removal."), and Oregon-Rico has not

rebutted this "extraordinarily strong presumption," *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947 (9th Cir. 2007).

Substantial evidence supports the agency's denial of Oregon-Rico's Convention Against Torture claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

The BIA did not abuse its discretion in denying Oregon-Rico's motion to reopen based on ineffective assistance where he failed to establish prejudice arising from any alleged ineffective assistance by his former counsel. *See Mohammed*, 400 F.3d at 793-94 ("[P]rejudice results when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." (internal quotation marks omitted)).

We deny Oregon-Rico's motion for remand to the agency or referral to the court's mediation unit.

**PETITIONS FOR REVIEW DENIED.**