**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

JOSE MAURICIO OVIEDO-
ALVARADO,

            Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

            Respondent.

</td><td>

No. 12-74099

Agency No. A073-406-828

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 28, 2016[**]
San Francisco, California

Before: PAEZ, CLIFTON, and OWENS, Circuit Judges.

Petitioner Jose Mauricio Oviedo-Alvarado petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his applications for asylum, relief under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration and Nationality Act, and protection under the Convention Against Torture. As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

Oviedo-Alvarado argues that the BIA erred by concluding that his conviction for arson in violation of California Penal Code § 451(b) was categorically an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43)(F). However, this argument is irrelevant because the BIA ultimately relied on the different ground that his arson conviction was a "particularly serious crime." *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation omitted)). Moreover, Oviedo-Alvarado did not challenge the IJ's conclusion that his arson conviction was a "particularly serious crime" before this court or the BIA. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) (stating that court of appeal "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief" (citation omitted)); *Rendon v. Mukasey*, 520 F.3d 967, 972 (9th Cir. 2008) (explaining that failure to exhaust administrative remedies deprives this court of jurisdiction to hear an appeal from the BIA).

Contrary to Oviedo-Alvarado's contention, the BIA did not act beyond the scope of our remand order by concluding that Oviedo-Alvarado was ineligible for relief under a different statutory bar. *See United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) (stating that "although lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate'" (citation omitted)).

Finally, Oviedo-Alvarado has waived any matters "not specifically and distinctly argued" in his opening brief, including the BIA's denial of his motion to remand to apply for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997. *Husyev*, 528 F.3d at 1183 (citation omitted).

**PETITION FOR REVIEW DENIED**.

3