**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 17 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS BENJAMIN VEGA-REYNOSO, | No. 13-73408 |
| Petitioner, | Agency No. A030-462-657 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2016[**]
San Francisco, California

Before: McKEOWN, SACK[***], and FRIEDLAND, Circuit Judges.

Petitioner Jesus Benjamin Vega-Reynoso appeals the decision of the Board

of Immigration Appeals ("BIA") finding him removable and ineligible for

cancellation of removal because he had been convicted of an aggravated felony.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

*See* 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1229b(a). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

Vega-Reynoso argues that the agency erred in finding that the Government met its burden to show that his conviction under Nevada Revised Statute § 453.321 qualifies as an aggravated felony. We disagree. The Immigration Judge and the BIA properly relied on the judgment and indictment to find that he had been convicted of unlawful sale of a controlled substance. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Contrary to Vega-Reynoso's argument that the judgment was ambiguous as to which statutory subsection he was convicted under, the judgment explicitly identified that Vega-Reynoso was guilty of "unlawful sale of a controlled substance." The judgment also specified that Vega-Reynoso had pled guilty to the crime "charged in the Information," and the Information in turn clarified that the charge was for possession and sale of methamphetamine. *Cf. United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc) (declining to consider the indictment in order to clarify the offense to which the defendant pled guilty because the judgment did not contain "the critical phrase 'as charged in the Information'" (quoting *Li v. Ashcroft*, 389 F.3d 892, 898 (9th Cir. 2004))).

Because, as the BIA correctly found, the judgment did not merely recite the title of the statute of conviction, Vega-Reynoso's reliance on *Vidal*, 504 F.3d at 1088, is unavailing. Instead, the record of conviction documents relied on by the agency establish that Vega-Reynoso's conviction corresponds to the generic definition of a drug trafficking crime, *see Lopez v. Gonzales*, 549 U.S. 47, 53-54 (2006); *United States v. Valdavinos-Torres*, 704 F.3d 679, 692 (9th Cir. 2012), and thus qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Rendon v. Mukasey*, 520 F.3d 967, 975-76 (9th Cir. 2008).

Petition DENIED.