**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROL STEPHEN,<br><br>     Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 15-72903<br><br>Agency No. A072-517-028<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 13, 2018
San Francisco, California

Before: WALLACE, BERZON, and CALLAHAN, Circuit Judges.

Petitioner Carol Stephen ("Stephen"), who is a citizen of Iraq,

petitions for review of the decision of the Board of Immigration

Appeals ("BIA") which upheld the Immigration Judge's ("IJ") denial

of her asylum, withholding of removal, and Convention Against

Torture ("CAT") claims. We have jurisdiction under 8 U.S.C. § 1252.

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Reviewing the BIA's legal conclusions de novo, *see Baballah v. Ashcroft*, 367 F.3d 1067, 1073 (9th Cir. 2004), and its factual findings for substantial evidence, *see Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014), we deny Stephen's petition for review.[1]

1. "An applicant for asylum or for cancellation of removal is not eligible for these forms of relief if he has been convicted of an aggravated felony." *Rendon v. Mukasey*, 520 F.3d 967, 973 (9th Cir. 2008). A state drug crime qualifies as an aggravated felony if it "contains a trafficking element" or would be punishable "as a felony under the federal drug laws." *Id*. at 974. Stephen's Arizona convictions were for aggravated felonies under both theories. Stephen was convicted of "attempt" under Arizona Revised Statutes ("ARS") § 13-1001, and of "transport[ing] for sale . . . a dangerous drug," ARS § 13-3407(A)(7). Thus, her convictions contained trafficking elements and constituted felonies under the federal drug laws. *See* 21 U.S.C. §§ 812, 841(a)(1), 846. Moreover, she was not convicted of solicitation, under the Supreme Court's categorical and modified categorical approaches. *See Descamps v. United States*, 570 U.S. 254,

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

2

257 (2013). Stephen's conviction for aggravated felonies terminated her derivative asylee status, and made her ineligible for asylum and presumptively ineligible for withholding of removal.

**2.** The BIA did not abuse its discretion in determining that Stephen was convicted of a particularly serious crime rendering her ineligible for withholding of removal. A conviction involving trafficking in a controlled substance presumptively is a particularly serious crime, irrespective of the length of the sentence. 8 U.S.C. 1231(b)(3)(B)(ii); *Matter of Y–L–*, 23 I&N Dec. 270, 273 (AG 2002). Because Stephen's convictions involve trafficking in methamphetamine, they presumptively are for particularly serious crimes. This presumption may be rebutted under "extraordinary and compelling circumstances," but Stephen has not made such a showing here. Accordingly, Stephen is ineligible for withholding of removal.

**3.** Furthermore, the BIA determined that Stephen was ineligible for adjustment of status pursuant to § 209 of the Immigration and Nationality Act, 8 U.S.C. § 1159, as an alien who "the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance." 8 U.S.C.

§1182(a)(2)(C). Since Stephen is a convicted methamphetamine trafficker, she is ineligible for adjustment of status.

**4.** Despite being convicted of a particularly serious crime, Stephen would be eligible for deferral of removal under the CAT if she could show a clear probability of torture by or with the acquiescence of Iraqi authorities. *See* 8 C.F.R. § 1208.17. To obtain CAT relief, an alien must show, first, that it is more likely than not that she will be tortured upon return to her homeland; and, second, that there was either governmental action involved in that torture or governmental acquiescence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). Here, however, Stephen has failed to demonstrate a sufficient likelihood that she would be tortured if she is returned to Iraq. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam).

Stephen has never claimed that she was tortured in Iraq, and she has not established that her "Americaniz[ation]," tattoos, unwed mother status, and/or her mother's affiliation with the Assyrian Democratic Movement make her more likely than not to be tortured in Iraq. Stephen has also failed to show that Christians are particularly susceptible of being tortured in Iraq. Nor has Stephen shown the Iraqi

4

state's participation or complicity in any alleged torture that might be visited on her. The Iraqi Constitution guarantees freedom of religion, and the government has prosecuted and sentenced to death three militants who targeted and murdered Christians due to their religion. Moreover, Stephen's allegation that deteriorating conditions have hindered the Iraqi state from protecting Christians and other religious minorities is unavailing because the state's mere "ineffective[ness] in preventing or investigating criminal activities" does not satisfy an applicant's burden to demonstrate entitlement to CAT. *Garcia-Milian*, 755 F.3d at 1034. Stephen has not demonstrated that it is more likely than not that she will be tortured in Iraq.

The petition for review is **DENIED**.