UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICARDO LOPEZ-VILLA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    11-73518

Agency No. A045-135-800

ORDER

Before:  W. FLETCHER, N.R. SMITH, and R. NELSON, Circuit Judges.

The memorandum disposition filed on September 20, 2019, and reported at *Lopez-Villa v. Barr*, 777 F. App'x 897 (9th Cir. 2019), is withdrawn.  Because the court's disposition is withdrawn, Respondent's petition for panel rehearing is moot.  A superseding memorandum disposition will be filed concurrently with this order.  Further petitions for rehearing and petitions for rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO LOPEZ-VILLA, | No.   11-73518 |
| Petitioner, | Agency No. A045-135-800 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2016
Resubmitted September 20, 2019
Seattle, Washington

Before:  W. FLETCHER, N.R. SMITH, and R. NELSON, Circuit Judges.

Ricardo Lopez-Villa petitions for review of the dismissal of the appeal of his

order of removal by the Board of Immigration Appeals ("BIA").  The BIA

affirmed the decision by an Immigration Judge ("IJ") finding Lopez-Villa

removable based on his conviction for trafficking in cocaine, Idaho Code

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 37-2732B(a)(2)(A), as (1) a controlled substance offense, 8 U.S.C.

§ 1227(a)(2)(B)(i), and (2) an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii).

Lopez-Villa challenges his removal based on his conviction of an aggravated

felony.[1]

Because Lopez-Villa is a legal permanent resident, the government bears the

burden of proving that he is removable on all charges of removability. *See Cheuk*

*Fung S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010); *see also Pereida v.*

*Wilkinson*, 141 S. Ct. 754, 761 (2021). Lopez-Villa argues that Idaho Code

§ 37-2732B(a)(2)(A) is not an aggravated felony because it punishes possession,

which is not punishable as a felony offense. *See* 21 U.S.C. §§ 841, 844.

Even assuming Idaho Code § 37-2732B(a)(2)(A) is divisible,[2] the

government failed to meet its burden of proof. The judgment and amended

judgment are inconclusive as to whether Lopez-Villa was convicted of an

aggravated felony offense. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th

Cir. 2014) ("When a court using the modified categorical approach to determine

whether an underlying conviction is a predicate offense relies solely on the link

---

[1] Lopez-Villa conceded removability as having been convicted of a controlled substance offense.

[2] Because it is not necessary to our disposition, we take no position with regard to whether the statute is divisible or indivisible.

between the charging papers and the abstract of judgment, that link must be clear and convincing."). Based on the record before us, we are unable to determine whether Lopez-Villa possessed, manufactured, or delivered a controlled substance. Accordingly, the BIA erred when it concluded that Lopez-Villa was removable based on a conviction of an aggravated felony. *See Rendon v. Mukasey*, 520 F.3d 967, 975 (9th Cir. 2008) (noting that trafficking requires "some sort of commercial dealing" (citation omitted)).

Although the BIA appeared to review Lopez-Villa's appeal as an application for cancellation of removal, Lopez-Villa's appeal from the IJ was based on whether he was removable as having been convicted of an aggravated felony. The BIA concluded that Lopez-Villa was convicted of an aggravated felony, and the conviction precluded him from obtaining cancellation of removal. However, Lopez-Villa had not yet applied for cancellation of removal; thus, the issue of whether Lopez-Villa is eligible for cancellation of removal is not before us. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (holding that we "cannot affirm the BIA on a ground upon which it did not rely" (citation omitted)). Accordingly, we remand this matter back to the BIA for further proceedings, including allowing Lopez-Villa to seek whatever relief from removal may be available to him.

**PETITION FOR REVIEW GRANTED, REMANDED.**

3