**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR GONZALES-SOLIS, a.k.a Cesar Gonzales,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | Nos. 08-70381<br>09-70014<br><br>Agency No. A091-752-808<br><br>MEMORANDUM [*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

In these consolidated petitions for review, Cesar Gonzales-Solis, a native

and citizen of Guatemala, petitions pro se for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's

decision denying relief from removal, and denying his motion to reopen. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and due process claims, *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008), and review for substantial evidence the BIA's denial of deferral of removal under the Convention Against Torture ("CAT"), *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1084 (9th Cir. 2008). We deny the petitions for review.

Gonzales-Solis' 2004 conviction for delivery of cocaine is an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(B); *Rendon v. Mukasey*, 520 F.3d 967, 974-75 (9th Cir. 2008) (state drug crime is an aggravated felony if it contains a trafficking element), rendering him ineligible for asylum, withholding of removal, withholding under the CAT, and cancellation of removal, *see Rendon*, 520 F.3d at 976; 8 C.F.R. § 1208.16(c)(4), (d)(2).

Substantial evidence supports the BIA's denial of deferral of removal under the CAT on the ground that Gonzales-Solis did not establish it is more likely than not he would be tortured if returned to Guatemala. *See* 8 C.F.R. §§ 1208.16(c)(2)-(3), 1208.17(a) (deferral of removal requires alien to show it is more likely than not he would be tortured).

Gonzales-Solis' due process claims fail because he has not established prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

08-70381/09-70014

Gonzales-Solis has waived any challenge to the BIA's denial of his motion to reopen as untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

The government's motion to dismiss is denied.

**PETITIONS FOR REVIEW DENIED.**