FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR GUILLEN-RICO, a.k.a. Salvador Rico-Cardona, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72611 <br><br> Agency No. A043-367-695 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Salvador Guillen-Rico, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeal's order dismissing his appeal from an immigration judge's removal ("IJ") order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law, and review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny the petition for review.

The IJ correctly applied the modified categorical approach to determine that Guillen-Rico's conviction under Nevada Revised Statutes § 453.401 for conspiracy to sell methamphetamine is an aggravated felony under 8 U.S.C. § 1101(a)(43)(U) that rendered Guillen-Rico removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Rendon v. Mukasey*, 520 F.3d 967, 975-76 (9th Cir. 2008). The IJ therefore did not err in concluding that Guillen-Rico was ineligible for asylum, *see* 8 U.S.C. § 1158(b)(2)(B)(i), cancellation of removal, *see* 8 U.S.C. § 1229b(a)(3), and voluntary departure, *see* 8 U.S.C. § 1229c(b)(1)(C).

Substantial evidence supports the agency's denial of Guillen-Rico's applications for withholding of removal and protection under the Convention Against Torture because he failed to demonstrate that it is more likely than not that he will be persecuted on account of a protected ground, or tortured, if he returns to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard.").

**PETITION FOR REVIEW DENIED.**