**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ERNESTO ZEPEDA, AKA Manuel Contreras, AKA Carlos Mario Cruz, AKA Carlos Lopez,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>              Respondent. | No. 08-72758<br><br>Agency No. A072-885-879<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2012[**]
Pasadena, California

Before: PREGERSON, GRABER, and BERZON, Circuit Judges.

Jose Ernesto Zepeda petitions for review of an order of the Board of

Immigration Appeals ("BIA") finding him ineligible for asylum or withholding of

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal under the Immigration and Nationality Act ("INA") and the Convention

Against Torture ("CAT"), 8 C.F.R. § 1208.16, and ineligible for deferral of

removal under CAT, 8 C.F.R. § 1208.17. Zepeda also argues that the government

has violated his substantive and procedural due process rights. For the reasons

stated below, Zepeda's petition is DENIED.

1. Zepeda is not eligible for asylum or withholding under either the INA or

CAT because he was convicted of a particularly serious crime, possession of

marijuana "for sale," in violation of California Health and Safety Code § 11359.

*See* 8 U.S.C. § 1158(b)(2)(A)(ii). For asylum purposes, an aggravated felony

counts as a particularly serious crime, id. § 1158(b)(2)(B)(i), and "illicit trafficking

in a controlled substance" qualifies as an aggravated felony, *id.* § 1101(a)(43)(B).

This court has held that "possession of a controlled substance with the intent to sell

contains a trafficking element and is an aggravated felony." *Rendon v. Mukasey*,

520 F.3d 967, 976 (9th Cir. 2008)

For withholding purposes, an aggravated felony counts as a particularly

serious crime if it results in "an aggregate term of imprisonment of at least 5 years"

or if the Attorney General determines that it is particularly serious,

"notwithstanding the length of sentence imposed." 8 U.S.C. § 1231(b)(3)(B). The

BIA has determined that aggravated felonies involving unlawful trafficking in

controlled substances presumptively constitute "particularly serious crimes." *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947–49 (9th Cir. 2007) (citing *In re Y-L-*, 23 I. & N. Dec. 270, 274, 276 (B.I.A. 2002)). Zepeda does not contend that this presumption is not controlling here.

Because Zepeda's crime contains a trafficking element, it qualifies as a particularly serious crime for both asylum and withholding purposes, rendering Zepeda ineligible for both.

2. Substantial evidence supports the BIA's determination that Zepeda is not entitled to deferral of removal under CAT. *See* 8 C.F.R. § 1208.16(c)(2). The record is equivocal on the current prevalence of death squads that target gang members in El Salvador, as well as on the involvement or acquiescence of the government in any death squad activity that does occur. As a result, while the record does indicate that Zepeda might be in danger as a tattooed former gang member, it does not "compel" the conclusion that it is "more likely than not" that Zepeda will be tortured in El Salvador. *Compare Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007), *and Singh-Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir. 1999), *with Cole v. Holder*, 659 F.3d 762, 764 (9th Cir. 2011).

3. Zepeda has not demonstrated that removal would violate his substantive due process rights under either promissory estoppel or the state-created danger

doctrine.  Zepeda's record testimony does not indicate that any "actual, explicit promise was made to him."  *See Morgan v. Gonzales*, 495 F.3d 1084, 1091 (9th Cir. 2007).  Zepeda also has not "allege[d] anything approaching the kind of affirmative government misconduct" this court has held is necessary to enjoin deportation under the state-created danger doctrine.  *See Id.* at 1093.

We do not have jurisdiction to review the bulk of Zepeda's procedural due process claims, as they were not raised before the BIA.  8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).  Zepeda's argument that the inclusion of the form I-213 in the administrative record violated due process was properly exhausted, but it is unpersuasive.  Neither the immigration judge nor the BIA made an adverse credibility finding, and neither considered the form in reaching its decision.  Thus it is clear that any procedural error in the form's inclusion did not "affect[] the outcome of the proceedings."  *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) (internal quotation marks omitted).

DENIED.