**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLE STRACHER, a.k.a. Jihan Palmer, a.k.a. Nicole Palmer, a.k.a. Nicola Natalie Stachan, a.k.a. Strachar, a.k.a. Natalie Strawn-Hynes, a.k.a. Jihan William, a.k.a. Burnadette Williams, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73968 <br><br> Agency No. A095-687-691 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Nicole Stracher, a native and citizen of Jamaica, petitions pro se for review

of the Board of Immigration Appeals' order dismissing her appeal from an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying her applications for relief, and denying her motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, and review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review for abuse of discretion the agency's particularly serious crime determination, and the denial of a motion to remand. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012) (per curiam); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

Stracher's two convictions for possession of marijuana for sale in violation of California Health & Safety Code § 11359 are aggravated felony drug trafficking crimes as defined in 8 U.S.C. § 1101(a)(43)(B). *See Rendon v. Mukasey*, 520 F.3d 967, 975-76 (9th Cir. 2008) (possession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony). These convictions render Stracher statutorily ineligible for asylum. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i).

The agency did not abuse its discretion by determining that Stracher's convictions are particularly serious crimes that render her ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Miguel-Miguel v.*

*Gonzales*, 500 F.3d 941, 946-49 (9th Cir. 2007) (drug trafficking felonies presumptively constitute particularly serious crimes).

Substantial evidence supports the agency's determination that Stracher failed to establish that it is more likely than not that she would be tortured if she were returned to Jamaica where she failed to show any threat of torture by or with the acquiescence of Jamaican authorities. *See Wakkary*, 558 F.3d at 1067-68.

The agency did not abuse its discretion in denying Stracher's motion to remand to apply for special rule cancellation of removal for battered spouses because her aggravated felonies render her statutorily ineligible for that form of relief. *See* 8 U.S.C. § 1229b(b)(2)(A)(iv); *Fernandez v. Gonzales*, 439 F.3d 592, 599 (9th Cir. 2006).

In light of our disposition, we need not reach Stracher's remaining contentions.

**PETITION FOR REVIEW DENIED.**