FILED

NOT FOR PUBLICATION

OCT 22 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUSTAVO FELIPE PEREZ-LOPEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-73277

Agency No. A077-099-545

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE and WATFORD, Circuit Judges.

Gustavo Felipe Perez-Lopez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision finding him removable and denying his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014), and review for substantial evidence the denial of CAT relief, *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Perez-Lopez' conviction under California Health and Safety Code § 11378, for possession for purpose of sale of methamphetamine, constitutes a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Coronado*, 759 F.3d at 984-86 (holding that similarly structured statute, Cal. Health & Safety Code § 11377(a), is divisible and subject to the modified categorical approach); *Cabantac v. Holder*, 736 F.3d 787, 793-94 (9th Cir. 2013) (per curiam) (under the modified categorical approach, where "the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count"); *Rendon v. Mukasey,* 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."). This conviction renders him ineligible for asylum, *see* 8 U.S.C. § 1158(b)(2)(A)(ii).

The agency used the correct standard and did not err in determining Perez-Lopez' drug trafficking offense is presumptively a particularly serious crime that renders him ineligible for withholding of removal, *see* 8 U.S.C.§ 1231(b)(3)(B); *Rendon*, 520 F.3d at 976 ("[A]n aggravated felony containing a drug trafficking element is presumed to be a particularly serious crime which would make [the applicant] ineligible for withholding of removal."), and to the extent Perez-Lopez challenges the agency's determination that he has not rebutted that presumption as a discretionary matter, we lack jurisdiction to consider that contention, *see Pechenkov v. Holder*, 705 F.3d 444, 448-49 ("[8 U.S.C.] § 1252(a)(2)(D) cannot restore jurisdiction to review a 'particularly serious crime' determination where" the challenge is that the agency "incorrectly assessed the facts").

Substantial evidence supports the agency's denial of deferral of removal under the CAT, where Perez-Lopez failed to show it is more likely than not he will be tortured by or with the consent, acquiescence or willful blindness of the government if removed to Mexico. *See Silaya*, 524 F.3d at 1073 .

Perez-Lopez' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**