**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AVIGAIL LEYNES PARAS, AKA Avigail Paras, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71622 <br><br> Agency No. A042-421-832 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

   Avigail Leynes Paras, a native and citizen of the Philippines, petitions pro se

for review of the Board of Immigration Appeals' order affirming, without opinion,

an immigration judge's decision determining that Paras failed to establish

derivative citizenship, and that Paras is removable. Our jurisdiction is governed by

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo constitutional challenges and questions of law.  *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014).  We deny in part and dismiss in part the petition for review.

To prevail on her derivative citizenship claim, Paras must show by a preponderance of the evidence that "there has been a legal separation of the [biological] parents."  *See* 8 U.S.C. § 1432(a)(3) (repealed 2000).  We conclude that because Paras has not established that her parents had married, she cannot show that they legally separated, and therefore her derivative citizenship claim fails.  *See Barthelemy v. Ashcroft*, 329 F.3d 1062, 1065 (9th Cir. 2003) (holding that a petitioner did not "enjoy derivative citizenship under . . . [8 U.S.C.] § 1432(a)(3) because his natural parents never married and thus could not *legally* separate" (emphasis in original)).

Paras's equal protection challenges to former 8 U.S.C. § 1432(a) are foreclosed by our holdings in *Barthelemy v. Ashcroft.  See id.* at 1066-68 (legal separation requirement had rational basis because it was consistent with § 1432(a)'s general statutory scheme to protect parental rights; § 1432(a)(3) does not discriminate on the basis of sex where a child is legitimated, because in that case, neither the child's father nor mother could pass citizenship onto a child unless both parents naturalized, one parent had died, or the parents legally separated and

the naturalized parent retained legal custody of the child). We reject Paras's contention that the court in *Barthelemy* misapplied deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

The agency correctly determined that Paras's conviction under California Health and Safety Code § 11378, for possession for purpose of sale of methamphetamine, constitutes a controlled substance trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B) that renders her removable. *See Padilla-Martinez*, 770 F.3d at 831 n.3 (Cal. Health & Safety Code § 11378 is divisible and subject to the modified categorical approach); *Cabantac v. Holder*, 736 F.3d 787, 793-94 (9th Cir. 2013) (per curiam) (where "the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count"); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony.").

Paras failed to exhaust her contention regarding her plea of nolo contendere. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

14-71622

In light of this disposition we do not reach Paras's remaining contention.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**