**NOT FOR PUBLICATION**

FEB 16 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIPE GUARDADO,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 12-73314<br><br>Agency No. A092-677-770<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2016[**]
Pasadena, California

Before: McKEOWN and IKUTA, Circuit Judges and PRATT,[***] Senior District Judge.

  Felipe Guardado appeals a Board of Immigration Appeals' (BIA) decision

affirming an immigration judge's (IJ) denial of his applications for asylum and

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Robert W. Pratt, Senior District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Guardado did not appeal the IJ's denial of his asylum application to the BIA. We therefore lack jurisdiction to review Guardado's claim that he was improperly denied asylum. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) ("We have held that '[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.'") (quoting *Vargas v. U.S. Dep't of Imm. & Nat.*, 831 F.2d 906, 907–08 (9th Cir. 1987)).

Guardado's conviction for possession for sale of methamphetamine under California Health & Safety Code § 11378 is an aggravated felony that contains a drug trafficking element; it therefore presumptively qualifies as a particularly serious crime. *Matter of Y-L-*, 23 I. & N. Dec. 270, 275 (A.G. 2002); *see Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008). The BIA did not abuse its discretion when it concluded that the underlying circumstances and nature of Guardado's conviction were insufficient to rebut this presumption. Because the BIA identified and applied the correct legal standard, we lack jurisdiction to "reweigh evidence to determine if the crime was indeed particularly serious." *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014) (quoting *Blandino-Medina v. Holder*, 712 F.3d 1338, 1343 (9th Cir. 2013)).

2

**PETITION DISMISSED.**