**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL GARCIA-URBINA, | No. 12-72407 |
| Petitioner, | Agency No. A077-088-750 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2016[**]
Pasadena, California

Before: McKEOWN and IKUTA, Circuit Judges and PRATT,[***] Senior District
Judge.

Raul Garcia-Urbina appeals the Board of Immigration Appeals' (BIA)

decision to deny his applications for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert W. Pratt, Senior District Judge for the U.S.
District Court for the Southern District of Iowa, sitting by designation.

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

Garcia-Urbina asserts that the immigration judge improperly denied his repeated requests for a change of venue, deprived him of his right to counsel, and deprived him of due process by failing to ensure that he had access to mailed documents that might have supported his CAT application. Garcia-Urbina, however, did not raise any of these claims in his appeal to the BIA. Because the BIA could have corrected these alleged errors if given the opportunity, we lack jurisdiction to review them. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (quoting *Vargas v. I.N.S.*, 831 F.2d 906, 907–08 (9th Cir. 1987)).

The judicially noticeable documents in the record established that the substance at issue in Garcia-Urbina's conviction for possession for sale of a controlled substance under California Health & Safety Code § 11378 was methamphetamine. The BIA therefore did not err in finding that Garcia-Urbina's state conviction would be punishable as a felony under the Controlled Substances Act, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and in turn, constituted an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(B). *See Rendon v. Mukasey*, 520 F.3d 967, 974–75 (9th Cir. 2008).

Substantial evidence supports the BIA's determination that Garcia-Urbina is ineligible for deferral of removal under CAT. The record does not support a conclusion that it is more likely than not that Garcia-Urbina would face abuse or discrimination rising to the level of torture if returned to Mexico, or that he more likely than not would face torture "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006).

**PETITION DENIED IN PART AND DISMISSED IN PART.**