FILED

NOT FOR PUBLICATION

JUN 12 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ZOHAIR AMANULLAH PAREKH, aka Martin M. Maricris,<br><br>     Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 14-71827<br><br>Agency No. A096-448-460<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2017[**]
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and BOLTON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Petitioner Zohair Amanullah Parekh seeks review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition in part, and we dismiss it in part.

1. Substantial evidence supports the BIA's determination that Petitioner is ineligible for asylum.[1] See, Hanna v. Keisler, 506 F.3d 933, 937 (9th Cir. 2007) ("The BIA's decision that an alien has not established eligibility for asylum is reviewed for substantial evidence."). The record does not compel the conclusion that there is a "pattern or practice" of persecution of Shiite Muslims in Pakistan. Although discrimination is widespread, and some Shiite Muslims are persecuted, documents in the record state that "[m]ost of Pakistan's Sunni and Shia Muslims live peacefully together." See Wakkary v. Holder, 558 F.3d 1049, 1061 (9th Cir. 2009) ("Although the record contains evidence of widespread anti-Chinese and anti-Christian discrimination that affects a very large number of individuals, and although it is clear that a certain portion of those individuals suffer treatment that rises to the level of persecution, the record does not establish that the situation in

_____

[1] Because we conclude that substantial evidence supports the BIA's determination of ineligibility, we do not reach the BIA's alternative holding that Petitioner's application for asylum was untimely.

Indonesia is similar to the patterns or practices of persecution described in our prior case law.").

Substantial evidence supports the BIA's determination that, assuming that Petitioner is a member of a "disfavored group," he has not shown an individualized fear of persecution. The murder of Petitioner's grandfather in 1999, by unknown assailants, does not give rise to an individualized fear of future persecution. Petitioner's parents and siblings remain in Karachi, where they practice their religion and have not been harmed. See Tamang v. Holder, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are not harmed." (internal quotation marks and emphasis omitted)).

2. Because Petitioner failed to meet his burden of establishing eligibility for asylum, he necessarily failed to satisfy the higher standard for withholding of removal. Yan Liu v. Holder, 640 F.3d 918, 926 n.5 (9th Cir. 2011).

3. We lack jurisdiction over Petitioner's challenge to the IJ's denial of CAT relief, because he failed to exhaust his administrative remedies. The BIA held—and Petitioner has not challenged on appeal—that Petitioner waived the issue of CAT relief because he did not "meaningfully challenge" the IJ's denial. See Rendon v. Mukasey, 520 F.3d 967, 972 (9th Cir. 2008) (holding that a

"general challenge to the IJ's decision" concerning an issue is insufficient to exhaust the issue (internal quotation marks omitted)).

**Petition DENIED in part and DISMISSED in part.**