**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO BRAVO-FLORES, | No. 15-72979 |
| Petitioner, | Agency No. A201-184-715 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Sergio Bravo-Flores, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for relief and ordering

removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual determinations, and we review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not err in finding Bravo-Flores ineligible for cancellation of removal, where he admitted to having a firearms-related conviction. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(c); 8 C.F.R. § 1240.8(d); *Rendon v. Mukasey*, 520 F.3d 967, 973 (9th Cir. 2008) (where "the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply").

Bravo-Flores has not challenged the agency's denial of asylum as untimely filed. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Substantial evidence supports the agency's denial of withholding of removal, where Bravo-Flores failed to show it is more likely than not that he would be persecuted on account of a protected ground in Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (an applicant must generally show an individualized, rather than a generalized, risk of persecution to establish eligibility for asylum or withholding; "returning Mexicans from the United States" is too broad to qualify as a cognizable social group). We are not persuaded by

Bravo-Flores's contention that "returning Mexican[s] from the United States with U[.]S[.] born children that are less than fluent in Spanish" is more particular than the social group which we rejected in *Delgado-Ortiz*. *See id*. at 1152 (contention that members of the proposed social group may be "easily identified" does not address the breadth of the proposed group).

Substantial evidence also supports the agency's denial of relief under the Convention Against Torture ("CAT"), where Bravo-Flores failed to show it was more likely than not that a government official in Mexico would torture him or consent or acquiesce to his torture. *See* 8 C.F.R. § 208.16(c)(2); *Delgado-Ortiz*, 600 F.3d at 1152.

The record does not support Bravo-Flores's contentions that the agency ignored his evidence or arguments, failed to consider his eligibility for relief, or failed to explain its reasoning. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) (the agency must consider the issues raised and express its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**