NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| HECTOR GUST PARRA-CASIAN, AKA Hector Gustavo Parra, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  15-73724 <br><br> Agency No. A034-266-630 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Hector Gust Parra-Casian, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  Our

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014), and review for substantial evidence the denial of CAT relief, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency used the correct standard and did not err in determining Parra-Casian's conviction for possession of methamphetamine for sale under California Health and Safety Code § 11348 is presumptively a particularly serious crime that renders him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[A]n aggravated felony containing a drug trafficking element is presumed to be a particularly serious crime which would make [the applicant] ineligible for withholding of removal."). To the extent Parra-Casian challenges the agency's determination that he has not rebutted that presumption as a discretionary matter, we lack jurisdiction to consider that contention. *See Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012) ("[8 U.S.C.] § 1252(a)(2)(D) cannot restore jurisdiction to review a 'particularly serious crime' determination where" the challenge is that the agency "incorrectly assessed the facts"). In light of this dispositive conclusion, we do not reach Parra-Casian's remaining contentions as to his withholding of removal claim.

Substantial evidence supports the agency's denial of deferral of removal

under CAT because Parra-Casian failed to establish that it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

We lack jurisdiction to consider Parra-Casian's contentions as to his writ of habeas corpus that he did not raise to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Finally, we deny Parra-Casian's motion to extend the stay of removal (Docket Entry No. 24). As indicated in this court's May 18, 2016 order, Parra-Casian has a stay of removal in effect. The stay of removal will terminate upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**