**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DONOVAN GRANT,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No.   20-72735<br><br>Agency No. A073-507-320<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2021**
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and SESSIONS,*** District Judge.

Donovan Grant, a native and citizen of Jamaica, petitions for review of the

decision of the Board of Immigration Appeals ("BIA" or "Board") affirming an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

immigration judge's ("IJ") denial of his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and dismiss the petition in part and deny it in part.

1.      Grant argues that the IJ did not give him sufficient opportunity to investigate or study evidence proffered by the government, in violation of his due process rights. But the BIA did not consider this issue because Grant failed to raise it. A petitioner's failure to argue an issue before the BIA ordinarily constitutes a failure to exhaust, depriving this court of jurisdiction to consider the issue. *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam). Although constitutional claims are generally excepted from this exhaustion requirement, due process claims that assert procedural error are correctable by the agency and therefore must be exhausted. *Sola*, 720 F.3d at 1135–36; *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We therefore dismiss the petition as to this due process claim. *Cf. Brezilien v. Holder*, 569 F.3d 403, 411–12 (9th Cir. 2009).

Grant's remaining due process claims, while exhausted, lack merit. Grant argues the agency failed to properly consider all the evidence he submitted, but "an alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence." *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.

2000).  Grant did not overcome this presumption here.  *See Vilchez v. Holder*, 682 F.3d 1195, 1200–01 (9th Cir. 2012); *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).  "Where an alien is given a full and fair opportunity to be represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process."  *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007).  The evidence in the record does not support that Grant's due process rights were denied by the agency's failure to consider the relevant evidence.

Grant also argues that the IJ did not give him sufficient time to find, prepare, and submit corroborating documentary evidence before the hearing.  Grant presented this evidence on appeal to the BIA.  The BIA determined that this new evidence would not alter the outcome of Grant's case and therefore declined to order remand.  Declining to remand under these circumstances is reviewed for abuse of discretion.  *Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011).  The BIA acted within its broad discretion in determining that the newly presented evidence did not warrant a remand.  *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) ("We will reverse the BIA's denial of a motion to reopen if it is arbitrary, irrational, or contrary to law." (internal quotation marks omitted)).

2.      Grant argues the BIA erred in affirming the IJ's determination that his

3

2017 drug-trafficking conviction was a "particularly serious crime" rendering him ineligible for withholding of removal under the Immigration and Nationality Act ("INA") and withholding of removal under the CAT.

An alien is not eligible for withholding of removal under the INA or the CAT if he has "been convicted by a final judgment of a particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). The law recognizes "an extraordinarily strong presumption that drug trafficking offenses are particularly serious crimes." *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 946 (9th Cir. 2007). We review the agency's determination that a crime is particularly serious for abuse of discretion. *Arbid v. Holder*, 700 F.3d 379, 382–85 (9th Cir. 2012). The BIA did not abuse its discretion in concluding that Grant failed to rebut the presumption that his conviction for conspiracy to distribute heroin and cocaine was a particularly serious crime. *Cf. Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008).

3. Because the BIA properly determined that Grant committed a particularly serious crime, his "only remaining means of avoiding removal is deferral of removal under the CAT." *Arbid*, 700 F.3d at 385 (citing 8 C.F.R. § 1208.17(a)). "To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (quoting 8 C.F.R. § 1208.16(c)(2)). Factual

4

findings related to the BIA's CAT determination are reviewed for substantial evidence. *Robles Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018). To qualify for CAT relief, "the torture must be 'inflicted by or at the instigation of or with the consent or *acquiescence* of a public official or other person acting in an official capacity.'" *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (quoting 8 C.F.R. § 208.18(a)(1)). The agency found Grant had not met his burden. The record does not compel a different result, so we uphold the BIA's conclusion. *Cf. Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016).

**PETITION DISMISSED IN PART AND DENIED IN PART.**